UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| *SCOTT L.,* | ) |
| | ) |
| *Plaintiff* | ) |
| | ) |
| *v.* | )   *No. 2:20-cv-00177-JDL* |
| | ) |
| *ANDREW M. SAUL,* | ) |
| *Commissioner of Social Security,* | ) |
| | ) |
| *Defendant* | ) |

REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis of asserted errors by both the ALJ and the Appeals Council. He contends that the ALJ erred in (i) failing to recognize his post-traumatic stress disorder (PTSD) as a severe impairment, (ii) providing no explanation of how she considered an opinion of Kirsten Milliken-Zumel, Ph.D., (iii) inadequately explaining her rejection of an opinion of David Faigin, Ph.D., and (iv) erroneously relying on the opinions of agency nonexamining consultants Thomas Knox, Ph.D., and Mary Alyce Burkhart, Ph.D., and that the Appeals Council erred in failing to acknowledge or address an affidavit of vocational expert David Meuse. *See* Plaintiff's Itemized Statement of

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

Errors ("Statement of Errors") (ECF No. 15) at 5-13. I find no reversible error and, accordingly, recommend that the court affirm the commissioner's decision.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2022, Finding 1, Record at 19; that he had the severe impairments of left ulnar entrapment, degenerative joint disease, status post left rotator cuff repair, degenerative disc disease of the lumbar and cervical spine, right ankle ligament tear, obesity, and a deviated septum, Finding 3, *id*. at 20; that he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) in that he could lift and/or carry up to 10 pounds frequently and 20 pounds occasionally, could stand and/or walk for five hours and sit for eight hours in an eight-hour workday, could frequently reach with his left upper extremity, frequently climb ramps and stairs, and occasionally climb ladders, ropes, or scaffolds, could frequently balance, stoop, kneel, crouch, and crawl, could never be exposed to dangerous machinery, hazardous heights, or excessive vibration, and could occasionally be exposed to atmospheric conditions, humidity, and wetness, but never in excessive amounts, Finding 5, *id*. at 22; that, considering his age (46 years old, defined as a younger individual, on his alleged disability onset date, July 20, 2018), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 26; and that he, therefore, had not been disabled from July 20, 2018, his alleged onset date of disability, through the date of the decision, October 15, 2019, Finding 11, *id*. at 27. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of

the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

### I.   Discussion

### A.  Asserted Errors by ALJ

### 1.  Failure to Find Severe PTSD Impairment

The ALJ found that the plaintiff did not have a severe PTSD impairment, determining that he had only mild limitations in his ability to understand, remember, or apply information, interact with others, concentrate, persist, or maintain pace, and adapt/manage himself.  *See* Record at 20-21.  In so finding, she cited evidence of his engagement in a number of activities of daily living, including taking a trip with family and reporting plans to help his family with a car dealership, and normal findings on mental status examinations, including a normal mood and affect, a normal attention span and concentration, and cooperative, pleasant, and polite behavior.  *See id.*

3

She noted that, while Dr. Faigin, the plaintiff's primary mental health care provider, had indicated that the plaintiff's "emotional challenges make it difficult for him to work as a police officer[,]" his opinion predated the plaintiff's alleged onset date of disability and related to his past duties as a police officer, not his functional limitations during the relevant period. *Id*. at 21.

Finally, she deemed the opinions of Drs. Knox and Burkhart that the plaintiff had only mild mental limitations "persuasive for the most part[,]" explaining that they were "supported with an explanation and . . . reasonably consistent with the longitudinal medical evidence, including the relatively benign mental examinations, the [plaintiff's] subjective statements and the lack of inpatient treatment." *Id*.

The plaintiff asserts that his PTSD should have been deemed severe, pointing to (i) an August 2017 United States Department of Veterans Affairs ("VA") disability rating based in part on his PTSD, (ii) an October 17, 2016, VA compensation and pension ("C&P") examination in which Dr. Milliken-Zumel indicated that he had "[o]ccupational and social impairment with occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks, although generally functioning satisfactorily, with normal routine behavior, self-care and conversation[,]" and (iii) Dr. Faigin's January 2, 2018, opinion that he could no longer function in his job as a police officer given symptoms that included his limited ability to interact with coworkers and to use discretion and judgment to accomplish organization goals. Statement of Errors at 5-7 (quoting Record at 656).

The plaintiff argues that this record evidence reflected "limitations in [his] ability to stay on task, to interact with co-workers, and to exercise judgment[,]" basic work activities that are necessary to do most jobs. *Id*. at 7 (citing 20 C.F.R. § 404.1522). In three related separate points

of error, he also challenges the ALJ's handling of the Milliken-Zumel and Faigin opinions and her reliance on the Knox and Burkhart opinions. *See id*. at 7-10.

I find no reversible error. First, the VA disability determination was entitled to no weight. As the commissioner observes, *see* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 19) at 7-8, with respect to claims filed on or after March 27, 2017, as was this one, *see* Record at 17, a decision by another governmental agency such as the VA is considered "[e]vidence that is inherently neither valuable nor persuasive[,]" meriting no discussion by an ALJ, 20 C.F.R. § 404.1520b(c)(1). Second, for the reasons discussed below, the ALJ did not err in her treatment of the Milliken-Zumel or Faigin evidence or in her reliance on the Knox and Burkhart opinions.

### 2. Handling of Milliken-Zumel Evidence

The plaintiff contends that, while the ALJ stated that she considered the evidence underlying the VA award of disability benefits, she failed to discuss Dr. Milliken-Zumel's opinion that his PTSD caused "occasional decrease in work efficiency and intermittent periods of inability to perform occupational tasks," as required by 20 C.F.R. § 404.1520c(b). Statement of Errors at 7-8 (quoting Record at 656). At oral argument, the plaintiff's counsel added that the ALJ erred in (i) ignoring a 2015 PTSD evaluation by VA psychologist Joshua E. Caron, Ph.D., expressing the same opinion, *see* Record at 218-19, 229, and (ii) generally ignoring record evidence predating the plaintiff's July 20, 2018, alleged onset date of disability, a proposition for which he cited *Ferguson v. Berryhill*, No. 1:16-cv-00489-DBH, 2017 WL 2417849, at *5 (D. Me. June 4, 2017) (rec. dec., *aff'd* June 20, 2017). I find no reversible error.

As the commissioner rejoins, *see* Opposition at 14-15, the cited regulation pertains to requirements for the discussion of "medical opinions[,]" 20 C.F.R. § 404.1520c(b), defined as

containing, *inter alia*, "a statement from a medical source about what you can still do despite your impairment(s)[,]" *id*. § 1513(a)(2). Neither Dr. Milliken-Zumel nor Dr. Caron provided such a statement. *See* Record at 218-29, 655-65.

Nor did the ALJ generally ignore evidence predating the plaintiff's alleged onset date. To the contrary, she summarized such evidence and noted that she had considered the evidence underlying the VA's September 2017 award of disability benefits to the plaintiff. *See* Record at 23-35. By contrast, although the ALJ in *Ferguson* summarized evidence postdating the claimant's alleged onset date in detail, she made virtually no reference to evidence predating it and, most strikingly, made a finding she could not have made had she reviewed that evidence. *See Ferguson*, 2017 WL 2417849, at *4. This sufficed to rebut the presumption that an ALJ has considered evidence included in a list of exhibits. *See id*. at *4-5.

Remand, accordingly, is unwarranted on the basis of this point of error.

### 3. Handling of Faigin Evidence

The plaintiff next contends that the ALJ inadequately explained her rejection of Dr. Faigin's opinion because she failed to discuss the two most important factors in assessing medical opinions pursuant to 20 C.F.R. § 404.1520c(b)(2), supportability and consistency, and did not and could not point to evidence that the plaintiff's PTSD improved following his departure from the police department. *See* Statement of Errors at 8-10. Yet, as the commissioner notes, *see* Opposition at 10-11, the requirement to discuss supportability and consistency pertains to "medical opinions." The Faigin opinion, which lacked any "statement from a medical source about what you can still do despite your impairment(s)[,]" 20 C.F.R. § 1513(a)(2), did not qualify as such. Instead, Dr. Faigin provided an opinion that the plaintiff was disabled from performing his job as a police officer. *See* Record at 814-15. With respect to claims filed on or after March 27, 2017,

such statements are treated as "inherently neither valuable nor persuasive[,]" meriting no discussion by an ALJ.  20 C.F.R. § 404.1520b(c)(3).

Remand, accordingly, is not required on the basis of the ALJ's assertedly inadequate discussion of the Faigin opinion.

### 4.   Reliance on Knox, Burkhart Opinions

The plaintiff, finally, faults the ALJ's reliance on the opinions of Drs. Knox and Burkhart on two bases.  First, he argues that, although the ALJ stated that she found those opinions "persuasive *for the most part*[,]" she did not explain which parts were or were not persuasive. Statement of Errors at 10 (quoting Record at 21) (emphasis added by plaintiff).  Second, he notes that neither consultant had the benefit of later-submitted evidence from February 2019 demonstrating that he "continued to struggle with chronic difficulties associated with PTSD[,]" and neither noted review of the Faigin opinions.  *Id*.

Any error in characterizing the Knox and Burkhart opinions as "persuasive for the most part" is harmless.  The ALJ clarified that those opinions were "supported with an explanation and . . . reasonably consistent with the longitudinal medical evidence, including the relatively benign mental examinations, the [plaintiff's] subjective statements and the lack of inpatient treatment." Record at 21.  She plainly adopted Drs. Knox and Burkhart's opinions that the plaintiff's mental impairments imposed only mild limitations.  *Compare* Record at 20 *with id*. at 280, 286.

As the commissioner observes, *see* Opposition at 6-7, the plaintiff cites only one treatment note in support of the proposition that Drs. Knox and Burkhart reviewed a materially incomplete record, *see* Statement of Errors at 10, and it does not call their findings into question.  In that note, dated February 11, 2019, Dr. Faigin indicated that the plaintiff stated that he had "been making efforts to continue contact with friends and past coworkers in the police[,]" "denied any severe

depressive symptoms recently" although he "continue[d] to struggle with chronic difficult interactions between PTS, depressed mood, life transitions/retirement from police and Army, and situational stressors[,]" and had taken a recent trip with family and discussed with his wife moving to Florida, "where they can set up a camper on an Air Force base with a great deal of amenities." Record at 894. Tellingly, Dr. Faigin noted that the plaintiff was to contact him as needed for follow-up, with "[n]o additional contact planned with [Dr. Faigin] at this time." *Id*. at 895.

Third, and finally, the commissioner confirms that Drs. Knox and Burkhart had the Faigin opinion available for review. *See* Opposition at 7 & n.2. In any event, as discussed above, Dr. Faigin offered the opinion that the plaintiff was disabled from working as a police officer – a statement that, by definition, was "inherently neither valuable nor persuasive[.]" 20 C.F.R. § 404.1520b(c)(3)(i), (vi).

The ALJ, accordingly, did not err in relying on the Knox and Burkhart opinions in deeming the plaintiff's PTSD nonsevere.

### B.  Asserted Egregious Error by Appeals Council

The plaintiff appeared *pro se* before the ALJ, who rendered her unfavorable decision on October 15, 2019. *See* Statement of Errors at 2; Record at 17, 27. On December 4, 2019, the plaintiff retained counsel, who requested review of that decision. *See* Statement of Errors at 2; Record at 337-39. At the Appeals Council's invitation, by letter dated March 6, 2020, the plaintiff's counsel submitted additional medical records and the Meuse affidavit, arguing that remand was required on the basis of both of those submissions. *See* Statement of Errors at 2; Record at 488-97.

The Appeals Council denied review, explaining in the first paragraph of its decision:

You submitted reasons that you disagree with the decision. We considered the reasons and exhibited them on the enclosed Order of the Appeals Council. We found that the reasons do not provide a basis for changing the [ALJ]'s decision.

Record at 1.  The Appeals Council later stated, under the heading "Additional Evidence":

> You submitted evidence from VA Maine HCS, dated April 29, 2015 to October 17, 2016 (207 pages).  We find this evidence does not show a reasonable probability that it would change the outcome of the decision.  We did not exhibit this evidence.

*Id*. at 2.

In *Mills v. Apfel,* 244 F.3d 1 (1st Cir. 2001), the First Circuit made clear that there are two circumstances in which remand based on submission of evidence subsequent to the issuance of an ALJ's decision is appropriate: (i) when that evidence is new and material *and* a claimant demonstrates good cause for its belated submission and (ii) when, regardless of whether there is such good cause, the Appeals Council has given an "egregiously mistaken ground" for its action in refusing review in the face of such late-tendered evidence.  *Mills,* 244 F.3d at 5-6.

The plaintiff argues that, although the Appeals Council considered the VA evidence, it either ignored the Meuse affidavit or "tacitly lumped" it "into the category of 'evidence [which] does not show a reasonable probability that it would change the outcome of the decision [and thus w]e did not exhibit this evidence.'"  Statement of Errors at 12-13 (quoting Record at 2).  He contends that, in either event, remand is warranted, a proposition for which he cites *Hamm v. Berryhill*, Civil No. 2:16-CV-627-DBH, 2017 WL 6029588 (D. Me. Dec. 5, 2017), and *Michael H. v. Soc. Sec. Admin. Comm'r*, 2:17-cv-00447-JAW, 2018 WL 653798 (D. Me. Feb. 15, 2019).  *See id*.

The Appeals Council did not ignore the Meuse affidavit.  It stated that it had considered and exhibited the plaintiff's reasons for disagreeing with the ALJ's decision but found that they did "not provide a basis for changing the [ALJ]'s decision."  Record at 1.  One of those reasons was that the Meuse affidavit called into question the validity of the job numbers given by the VE at hearing.  *See id*. at 488-97.  Nor was the Appeals Council egregiously mistaken in so finding.

The First Circuit has emphasized that the Appeals Council's reasons for denying review are owed "great deference," although "they are ordinarily not beyond review in extreme cases." *Mills*, 244 F.3d at 6.  The finding at issue here is most fairly characterized as a judgment call that is owed such deference, not an egregious error.

By contrast, the Appeals Council's decisions in both *Michael H.* and *Hamm* contained material factual errors.  *See Michael H.*, 2019 WL 653798, at \*4 (Appeals Council's conclusion that doctor's opinion did not relate to period at issue was contradicted on its face by doctor's evaluation, and commissioner's argument that opinion was merely cumulative was unsupported by the record); *Hamm*, 2017 WL 6029588, at \*1 (Appeals Council erroneously characterized evidence as immaterial because it was about a later time).[2]

Remand, accordingly, is unwarranted on the basis of this final point of error.

## II.  Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de</u> <u>novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for*

---

[2] At oral argument, the plaintiff's counsel also cited section I-3-3-6(B)(3) of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") for the proposition that remand is warranted in this case. That section directs the Appeals Council to "evaluate the entire record along with the additional evidence to determine whether there is a reasonable probability that the additional evidence will change the outcome of the decision." HALLEX § I-3-3-6(B)(3), 1993 WL 643129 (last updated May 1, 2017).  As discussed above, the Appeals Council did not ignore the Meuse affidavit.

*oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 21st day of April, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge